UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**TIERNEY CULVER, individually and on behalf of all others similarly situated,**

      **Plaintiff,**

v.

**SAINT FRANCIS HEALTH SYSTEM, INC.,**

      **Defendant.**

Case No. 24-CV-0078-CVE-MTS

**OPINION AND ORDER**

Before the Court is plaintiff's opposed pre-discovery motion for conditional collective certification (Dkt. # 104), defendant's response (Dkt. # 113), and plaintiff's reply (Dkt. # 120). Plaintiff Tierney Culver, individually and on behalf of all others similarly situated, brings this putative collective action against defendant St. Francis Health System, Inc., under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for unpaid overtime wages.[1,2] For the reasons set forth below, plaintiff's motion to conditionally certify the collective action is granted in part. The Court finds that plaintiff has met her burden at this preliminary notice stage and therefore conditionally certifies her proposed collective class of persons. The Court further orders that the proposed notice be revised as described below, and approves plaintiff's proposed methods of contacting the putative plaintiffs.

---

[1] Plaintiff also alleges a putative class action under Oklahoma law and Fed. R. Civ. P. 23 for unpaid wages. The instant motion concerns only plaintiff's putative collective action under the FLSA.

[2] There is another collective action pending against defendant in this district, wherein plaintiff alleges that defendant illegally applied an automatic meal period deduction. See Williams v. Saint Francis Health System Inc., No. 22-cv-390-EFM-MTS; Dkt. # 104-1, at 2. Plaintiff in this action filed suit after the court in the Williams suit denied plaintiff's leave to amend her complaint to include the rounding claims at issue herein. Dkt. # 104-1, at 2.

**I.**

Defendant provides health care services through its hospitals and clinics in and around the Tulsa, Oklahoma area. Dkt. # 104-1, at 3. It employs thousands of hourly employees who are responsible for assisting patients, managing care, and performing other healthcare related duties. Id. Plaintiff was one such employee. Id. Plaintiff was employed as a lab technologist at defendant's molecular genetic lab from August 1, 2018, until June 1, 2022, in Tulsa, Oklahoma. Dkt. # 104-2, at 2. Her job duties included PCR testing, extracting DNA, and running for viruses. Id. She was regularly required to work overtime hours. Id.

Defendant employs a rounding policy that rounds the time of its hourly employees to the nearest fifteen-minute increment. The policy states that hourly employees should clock in no more than seven minutes early, or clock out no more than seven minutes after the end of their shift. Dkt. # 104-1, at 4. Defendant's policy, however, also punishes employees for clocking in one minute late.[3] Id. at 5. "The policy is not neutral on its face because it specifies hourly employees should clock in no more than seven (7) minutes early–which rounds up and therefore would not pay the hourly employees for the early clock in–and discourages clocking in after their shift start time–which would round down in the employee's favor." Id. at 4. Defendant's policy also requires employees to complete their full shift, and states that failure to do so could be considered an occurrence. Dkt. # 104-16, at 2. Plaintiff alleges that her managers encouraged her to clock in between one to seven minutes before her shift time, and that her coworkers on average clocked in between one and seven

---

[3] The policy states that "[s]hould the employee clock in after their scheduled start time, it will count as a half of an occurrence." Dkt. # 104-1, at 5. Multiple occurrences may result in further disciplinary action up to and including termination of employment. Dkt. # 104-16, at 2-3.

2

minutes prior to their shift time. Dkt. # 104-2, at 3. Plaintiff additionally alleges that defendant enforces its policy by setting mandatory meetings that begin concurrently with the start of employees' shifts. Dkt. # 104-1, at 4. Eleven other putative class members offer declarations in support of plaintiff's motion.[4] Plaintiff and the putative collective members aver that they were on average underpaid more than they were overpaid due to defendant's rounding policies. Dkt. # 104-5, at 3.

Plaintiff filed this suit on February 22, 2024, seeking damages for unpaid compensation under the FLSA and Oklahoma law. Dkt. # 2, at 16-17. Plaintiff then filed the instant motion seeking conditional certification of a collective action under the FLSA (Dkt. # 104). Defendant filed a response (Dkt. # 113) and plaintiff filed a reply (Dkt. # 120).

## II.

The FLSA permits employees to bring an action against any employer for unpaid overtime compensation, "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To join such a collective action, plaintiffs are required to consent in writing and file the consent in the court in which the action is brought. Id.

The Tenth Circuit has applied an ad hoc approach "in determining whether plaintiffs [are] 'similarly situated' for purposes of § 216(b)." Thiessen v. Gen. Elec. Cap. Corp., 267 F.3d 1095,

---

[4] The declarants include: Jadrian Cooper, a nurse technician; Hannah Emerson, a licensed patient care technician; Mallory Hoffman, a licensed practical nurse; Bonnie Johnson, a licensed registered nurse; Ariel Teeters, a licensed critical care technician; Stacey Chaplin, a phlebotomist; Jade Greathouse, a licensed registered nurse; Delaina Ullum, a licensed EKG specialist technician; Joseph Vargas, a licensed practical nurse; Melinda Lee Henry, a transporter; and Luana Veronica Temple, a licensed registered nurse. See Dkt. ## 104-2–104-13. These declarants alleged generally that they performed services for defendant, and that they were all hourly employees subject to defendant's rounding policy. See id.

1105 (10th Cir. 2001). This two-step approach assesses putative collective members first at the notice stage, and then later after discovery. Id. at 1102. At the first stage, courts determine whether certification is proper for sending notice to putative members. Id. This is a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. "In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." French v. Midwest Health, Inc., No. 2:14-CV-2625, 2015 WL 4066748, at *1 (D. Kan. July 2, 2015) (citing Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006)). Instead, courts rely on the allegations in plaintiff's complaint and supporting affidavits.

The second stage takes place after the collective action has been conditionally certified and discovery has been completed. Defendant may move to decertify the class. Thiessen, 267 F.3d at 1102-03. Here, the district court follows stricter factors to determine whether opt-in plaintiffs are similarly situated. Because the instant case is currently at the initial notice stage, the Court applies the lenient standard to determine whether plaintiff has properly made substantial allegations that the members of the putative class are "similarly situated" such that conditional certification under § 216(b) is appropriate.

### III.

Plaintiff asks the Court to conditionally certify a collective action for the following class:

> ALL HOURLY EMPLOYEES WHO WORKED FOR SAINT FRANCIS HEALTH SYSTEM, INC., AT ANY TIME FROM THREE YEARS PRIOR TO [DATE OF ORDER GRANTING PLAINTIFF'S MOTION], THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE SUBJECT TO A ROUNDING POLICY.

Dkt. # 104, at 1.

Plaintiff requests that the Court implement a procedure whereby notice of the action is sent via U.S. mail, email, and text message, along with a reminder email and text message halfway through a 90-day notice period. Id. Plaintiff also requests that the Court direct defendant to identify all putative collective members by providing list in electronic and importable format of the names, addresses, phone numbers, email addresses, position of employment, and location employment of all putative collective members who worked for defendant at any time within the three years preceding entry of this order. Id.; Dkt. # 104-20, at 2. Defendant responds that plaintiff has not sufficiently alleged that the employees are similarly situated or victims of a "single decision, policy, or plan" as required for certification, and that the putative class is overbroad. Defendant also maintains that disseminating notice via email and text-message is excessive.

### A. Plaintiff and the putative class are similarly situated in their job positions and duties

Defendant advances two arguments as to why plaintiffs are not similarly situated. First, defendant argues that plaintiff and putative class members work in different departments and have different job duties and responsibilities. Second, defendant argues that defendant's rounding policy cannot bind together plaintiff and the putative collective members as similarly situated because the policy is not facially illegal. The Court addresses these arguments in turn.

Defendant's first argument is both unpersuasive and premature at this stage of collective certification. Plaintiffs need show only that the putative class members were victims of "a single decision, policy or plan." Thiessen, 267 F.3d at 1102; see also Landry v. Swire Oilfield Servs., L.L.C., 252 F. Supp. 3d 1079, 1126 (D.N.M. 2017) ("Even allegations of company-wide pay

practices stemming from employees' first-hand experiences at a single location may be sufficient to support company-wide notice."). Plaintiff has provided substantial allegations that she and other hourly employees were subject to defendant's rounding policy and that the policy resulted in lost wages.[5] Pivonka v. Bd. of Cnty. Comm'rs of Johnson Cnty., Kansas, No. 04-2598-JWL, 2005 WL 1799208, at *4 (D. Kan. July 27, 2005) ("The Tenth Circuit specifically stated that the court reviews the disparate factual and employment settings of the individual plaintiffs and the various defenses available to defendant which appear to be individual to each plaintiff in the court's second-stage analysis on a motion to decertify at the conclusion of discovery.") (emphasis added). While the declarants were employed in various positions with defendant, they all aided defendant in performing health care services through its hospitals and clinics. Calvillo v. Bull Rogers, Inc., 267 F. Supp. 3d 1307, 1312 (D.N.M. 2017) (A plaintiff "need show only that their position[] [is] similar, not identical, to the positions held by the putative class members."). At the notice stage, plaintiff's allegations are sufficient to show that the putative members are similarly situated.

Defendant's second argument–that the overtime policy cannot bind the putative class together because it is not facially unlawful–is refuted by decisions of other district courts in this circuit. "Plaintiff's burden at this stage is not to prove that the policy violates the FLSA. It is to show that such a policy exists and that the class was subject to it. . . " French, 2015 WL 4066748, at *4;

---

[5] The Court will not limit the scope of the collective notice as the court did in the pending Williams lawsuit because plaintiff's factual allegations are different. Williams v. Saint Francis Health System Inc., No. 22-cv-390-EFM-MTS. In Williams, plaintiff alleged that hourly employees were unable to take full-length meal breaks because of their patient care responsibilities. Here, plaintiff alleges that all hourly employees are expected to arrive prior to the start of their shift, regardless of whether they have patient responsibilities. Because the nature of the hourly employee responsibilities does not affect their clock-in time, the putative class should not be similarly limited.

Calvillo, 267 F. Supp. 3d at 1312 ("For purposes of the instant motion, the Court's inquiry here is limited to the first step, or "notice stage" of the process which applies a lenient test to determine whether the putative plaintiffs are similarly situated—that is, [p]laintiff must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy or plan."). Defendant has again improperly attributed the more stringent second-step analysis to this pre-discovery stage. The Court cannot reach the merits, at this notice stage, of determining whether defendant's policy is facially unlawful. Doing so would be premature, and would contravene the Tenth Circuit's ad-hoc approach of conditionally certifying the putative class.[6] Plaintiff and the putative class members have declared that their managers, and defendant, advised them to try to clock in between one and seven minutes before their shifts start, and avoid clocking in even one minute late. Plaintiff has sufficiently demonstrated that she and the putative class members are subject to defendant's rounding policy, and that policy has had an unlawful effect.

### B. The language of the collective action must be revised to reflect the appropriate statute of limitations

The time period set out by plaintiff in her proposed definition of the collective class ("three years prior to the date of this order") improperly excludes plaintiff and those members who have

---

[6] Defendant contends that not all hourly employees may be subject to the rounding policy, since the policy allows department managers to circumvent the clock-in/clock-out requirement. Dkt. # 113, at 17. Defendant contends that this means the policy is not a "single plan" as contemplated by the Tenth Circuit's requirement for collective certification. First, plaintiff and the declarants have stated that they and other hourly employees are expected to clock in one to seven minutes prior to the start of their shift, regardless of whether they share departments. Plaintiff has therefore sufficiently alleged that the policy has had an unlawful effect. More importantly, the putative class is limited to hourly employees subject to the rounding policy. Those hourly employees who are not subject to the rounding policy will not be included in the collective action, rendering defendant's objection moot.

joined the action since she filed her initial complaint. The statute of limitations for willful violations of the FLSA–which plaintiff alleges took place–is three years, and plaintiff commenced the action by filing her complaint on February 22, 2024. 29 U.S.C. § 255(a). A lookback period beginning three years prior to that date properly encompasses the full scope of plaintiff's claims, and the claims of those who have joined prior to the date of this order. The language of the collective should therefore be revised to reflect the February 22, 2024, date.[7]

**C.     Notice to putative class**

1.      Proposed notice to those eligible to opt-in

Plaintiff has also provided a proposed notice and consent form to be sent to putative class members. Defendant objects to plaintiff's proposed notice on the grounds that the language regarding those eligible to opt in it is both overly broad and incorrect.[8] Plaintiff's proposed notice to those eligible states:

> 1. You were employed by Saint Francis as an hourly employee at any time in the last three years; AND
> 2. Saint Francis rounded your clock in time.

Dkt. # 104-19.

Defendant argues that the phrase "at any time in the last three years" is flawed because the statute of limitations is not tolled until putative class members file their consent forms. 29 U.S.C.

---

[7]     However, the opt-in period defined on the first page of plaintiff's proposed notice shall remain the same as proposed, because the maximum reach of the statute of limitations period would extend back only three years prior from the date of this order. See Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 435 n.5 (D. Kan. 2007).

[8]     Because the Court has certified the collective class to include "all hourly employees subject to the rounding policy," defendant's additional objection that the notice broadly includes non-similarly situated employees is rejected.

8

§ 256; In re Am. Family Mut. Ins. Co. v. Overtime Pay Litig., No. 06–cv–17430, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009). Defendant proposes the alternative notice:

> 1. You were employed by Saint Francis as an hourly employee at any time in the last three years prior to the filing of your consent form; AND
> 2. Saint Francis rounded your clock in time

Dkt. # 113, at 20. Plaintiff concedes that defendant's language is technically correct, but maintains that defendant's proposed revision would confuse putative class members. Dkt. # 120, at 7 n.2. The Court disagrees with plaintiff. Defendant's proposed revision accurately states the statute of limitations for each plaintiff, and such an alteration to the proposed notice is necessary for the sake of accuracy. Prince v. Kansas City Tree Care, LLC, No. CV 19-2653-KHV, 2020 WL 3217103, at *3 (D. Kan. June 15, 2020) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary.") The proposed notice should therefore be amended to reflect defendant's alternative language regarding opt-in eligibility.

### 2. Disclosure and issuance of the notice and consent form with electronic communication

Defendant also objects to the disclosure and issuance of the notice by email and text message, reasoning that these methods are excessive and violate the privacy of its employees. The Court is unpersuaded by defendant's objection. As an initial matter, in the Williams v. Saint Francis Health System Inc., No. 22-cv-390-EFM-MTS, case pending against defendant in this district, the court already authorized the issuance of notice to putative members via mail, email, and text message (with a reminder notice). Additionally, courts in this circuit have recognized that utilizing multiple methods of communication is effective and increasingly routine in FLSA jurisprudence. Calvillo,

9

267 F. Supp. 3d at 1315 ("Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved."). Multiple methods of electronic communication, as well as electronic consent forms, ensures putative members are made aware of the pending suit.[9]  See Bagoue v. Developmental Pathways, Inc., No. 16-CV-01804-PAB-NRN, 2019 WL 1358842, at *4 (D. Colo. Mar. 25, 2019) ("The Court finds, as it has in previous cases, that sending notice by all three methods is likely to 'increase the probability of apprising collective action members of their rights.'"). Plaintiff's affirmation that many hourly employees do not check their emails regularly due to spam provides only more reason to allow multiple forms of communication to ensure that as many putative members are informed of the pending suit. The Court finds that plaintiff's revised notice may be sent via U.S. mail, e-mail, and text message, and that putative plaintiffs may use electronic consent forms.

### 3. Reminder notice

The Court also finds that a reminder notice–as requested by plaintiff–is appropriate. Heitzman v. Calvert's Express Auto Serv. & Tire, LLC, No. 22-CV-2001-JAR-ADM, 2022 WL 5241927, at *8 (D. Kan. Oct. 6, 2022) ("Single reminder notices such as this one are typically permitted, and Defendant offers no specific reason why they should not be in this case."). Defendant argues that many courts are split on whether to issue reminder notices; however, defendant relies on outdated cases. With the ubiquitous use of electronic devices today, along with the sheer amount of spam information received via email and text message, a reminder notice

---

[9]  Further, plaintiff has alleged and provided supporting documentation that defendant often communicates with its employees about work-related responsibilities via text message. Dkt. # 104-2, at 3-4.

ensures that putative members have the opportunity to receive notice of the collective action. Landry v. Swire Oilfield Servs., L.L.C., 252 F. Supp. 3d 1079, 1130 (D.N.M. 2017) ("Those courts that allow a reminder emphasize that it serves the FLSA's broad remedial purpose by ensuring that as many potential plaintiffs as possible are informed of the collective action and their right to opt-in.") (internal quotations omitted). A reminder notice similarly provides the opportunity for as many putative plaintiffs to be made aware of this pending action.

    4.  Proposed notice schedule

Finally, plaintiff has attached a proposed notice schedule requesting that the Court order defendant to provide names, addresses, e-mail addresses, cell phone numbers, dates of employment, position of employment, and location of employment of the putative collective members within fourteen days. Plaintiff notes that time is of the essence in collective actions because the statute of limitations continues to run for each plaintiff until they file their consent form with the Court. Defendant contends that producing such information within fourteen days is unreasonable under the circumstances, and requests at least thirty days to do so.[10] Defendant provides no reason other than "this proposed schedule would require [defendant] to compile and produce information for thousands of current and former employees, not all of whose records may be easily accessible." Dkt. # 113, at 20. In light of the statute of limitations that continues to run on each putative plaintiff's claim, the Court finds that fourteen days is sufficient time for defendant to produce the requested information.[11]

---

[10] Defendant also objects to providing contact information, the type of information provided, and the need for a reminder notice. Because these objections have been addressed, the Court addresses only the issue of scheduling.

[11] Defendant does not object to a ninety day opt-in period.

11

## IV.

**IT IS THEREFORE ORDERED** that plaintiff's motion for conditional certification and notice to the putative collective members (Dkt. # 104) is **granted in part** as provided herein. The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act for the following class of persons:

> All hourly employees who worked for Saint Francis Health System, Inc. at any time from three years prior to February 22, 2024, through the final disposition of this matter, and were subject to a rounding policy.

**IT IS FURTHER ORDERED** that plaintiff shall file a new notice form, no later than **July 31, 2024**, revised in accordance with this order, to include the following language of opt-in eligibility:

> 1. You were employed by Saint Francis as an hourly employee at any time in the last three years prior to the filing of your consent form; AND
> 2. Saint Francis rounded your clock-in time.

**IT IS FURTHER ORDERED** that plaintiff's new notice form to putative collective members should remain as follows:

> All hourly employees who worked for Saint Francis Health System, Inc. at any time from three years prior to July 25, 2024, through the final disposition of this matter, and were subject to a rounding policy.

**IT IS FURTHER ORDERED** that plaintiff's motion to approve its proposed notice schedule (Dkt. # 104-20) is **granted**. Defendant shall provide plaintiff with a list of putative class members' names, addresses, e-mail addresses, cell phone numbers, dates of employment, position of employment, and location of employment, in a usable electronic format, **no later than August 8, 2024**.

**IT IS FURTHER ORDERED** that plaintiff's counsel, or someone on her behalf, shall send by mail, email, and text-message the **revised** notice and consent form to the putative collective members **no later than August 15, 2024**. Eligible persons will have 90 days, from the date the notice is mailed, to opt-in by filing their consent forms, which may be executed electronically via electronic signature. Plaintiff's counsel, or someone on her behalf, may send a reminder notice halfway through the 90-day period to putative class members who have not yet responded to the original notice.

**DATED** this 25th day of July, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE